# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 23, 2008 Session

## NICOLE LOREN BAKER, ET AL. v. VIRGINIA LOUISE SMITH

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-06-0209-1      Walter L. Evans, Chancellor**

---

**No. W2007-02623-COA-R3-PT - Filed May 7, 2008**

---

Petitioners, Father and his wife, filed a petition to terminate Mother's parental rights on the grounds of abandonment for failure to pay child support, persistence of conditions, and severe child abuse, and for adoption of child by Father's wife. The trial court granted Mother's motion for directed verdict at the close of Petitioners' proof and dismissed the petition. Petitioners appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and WALTER C. KURTZ, SR. JUDGE, joined.

William T. Winchester, Memphis, Tennessee, for the appellants, Nicole Loren Baker and Gary Wills Baker.

Lara Butler, Memphis, Tennessee, for the appellee, Virginia Louise Smith.

Regina M. Newman, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

This appeal arises from a petition filed in February 2006 in the Chancery Court for Shelby County by Gary Wills Baker (Mr. Baker), the natural father of T.M.S., a minor child born April 1, 1999, to teenage parents, and Mr. Baker's wife, Nicole Loren Baker (Ms. Baker, collectively, "the

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

   This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Bakers"), to terminate the parental rights of T.M.S.'s mother, Virginia Louise Smith (Ms. Smith), and for adoption of T.M.S. by Ms. Baker. This appeal follows a custody dispute that began almost as soon as this child was born, the details of which are recited in *Baker v. Smith*, No. W2004-02867-COA-R3-JV, 2005 WL 1848477 (Tenn. Ct. App. Aug. 5, 2005) *perm. app. denied* (Tenn. Dec. 27, 2005). We find it unnecessary to recite the history of this dispute except to note that, in 2000, T.M.S. was removed from Ms. Smith's custody and placed in the custody of his maternal grandparents ("the Smiths") pursuant to a finding of dependency and neglect by the juvenile court. In July 2004, the Juvenile Court for Shelby County awarded custody of T.M.S. to Mr. Baker and granted the Smiths liberal visitation. *Baker v. Smith*, 2005 WL 1848477, at *1. Upon appeal by the Smiths, this Court vacated the juvenile court's order awarding custody to Mr. Baker based upon of finding of material change in circumstance, and remanded the matter for an award of custody to Mr. Baker based on the superior rights doctrine. *Id.* at *10. We further vacated the award of visitation to the Smiths upon determining that the juvenile court had not made a finding that denying visitation with the Smiths would result in substantial harm to T.M.S. *Id.* T.M.S. has been in Mr. Baker's custody and has resided with the Bakers since July 2004. It is undisputed that T.M.S. has continued to have a meaningful relationship with Ms. Smith and his maternal grandparents.

In their 2006 petition to terminate Ms. Smith's parental rights, the Bakers alleged abandonment for failure to pay child support, persistence of conditions which led to the 2000 finding of dependency and neglect, and child abuse. In March 2006, Ms. Smith filed a response to the petition and a counter-petition for custody or specific parenting time.

The matter was heard by the trial court on September 4, 2007. At the close of the Bakers' proof, Ms. Smith moved for directed verdict, asserting the Bakers had failed to prove willful abandonment for failure to pay child support. The trial court granted Ms. Smith's motion and dismissed the Bakers' petition. The Bakers appeal. We affirm.

### Issues Presented

The issues presented for our review, as presented by the Bakers, are:

(I)     The trial court erred in entering a directed verdict finding that the grounds for termination of the Appellee's parental rights had not been proven by clear and convincing [evidence].

(II)    The trial court erred by not making specific findings of fact and conclusions of law on two of the three grounds for termination of parental rights.

### Standard of Review

This appeal arises from the trial court's grant of Ms. Smith's motion for a directed verdict at the close of the Bakers' proof. However, we note that this was a bench trial and the proper motion, therefore, would have been a motion for involuntary dismissal under Tennessee Rules of

Civil Procedure 41.02. Accordingly, we will construe the trial court's order as if it were an order granting dismissal under Rule 41.02. When considering a motion for involuntary dismissal under Rule 41.02, the trial court is required to weigh the evidence impartially as if making findings of fact and conclusions of law at the close of all the evidence. *Building Materials Corp. v. Britt*, 211 S.W.3d 706, 711 (Tenn. 2007). The case should be dismissed if, under the facts as found by the court and the applicable law, the plaintiff has failed to demonstrate a right to relief by a preponderance of the evidence. Because the trial court has used the same reasoning when disposing of the motion for involuntary dismissal that it would have used to make a decision at the close of all the proof, we review the trial court's decision under Rule 13(d) of the Tennessee Rules of Appellate Procedure. *Id.*; *Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 521 (Tenn. Ct. App. 2002). Accordingly, we review the trial court's findings of fact *de novo* upon the record with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, we will not re-evaluate that assessment absent clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of the law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

*Analysis*

In his brief to this Court, Father asks us to reverse the trial court's determination that Ms. Smith's failure to pay child support for four months preceding the filing of the Bakers' petition was not willful. He also asks us to remand this matter to the trial court for specific findings with respect to the remaining two grounds asserted in the petition, persistence of conditions and child abuse, and for a best interest determination. At oral argument, however, counsel for the Bakers conceded the ground of severe child abuse.

We first address the trial court's determination that the Bakers had failed to demonstrate willful abandonment for failure to pay child support. The trial court found:

> for a period of four (4) months prior to the filing, no payments were made by Ms. Smith in support of the minor child, but the reasoning for that appears to be based on a number of factors. Ms. Smith was apparently pregnant and/or recently gave birth to another child and her funds were limited, but she had offered through her parents to make payments in support of her child support obligations which Mr. Baker admitted that he declined to accept payments from anyone on behalf of the Respondent, Ms. Smith.

Ms. Smith testified, moreover, that she had offered to pay child support to Mr. Baker and that Mr. Baker "told [Ms. Smith] to take care of [her baby] and not worry about it. They were fine." Upon review of the record, we find no proof to contradict Ms. Smith's testimony that Mr. Baker refused offers of support.

As the Tennessee Supreme Court and this Court repeatedly have noted, willfulness is central to the statutory ground of abandonment. *In re Adoption of A.M.H.*, 215 S.W.3d 793, 810 (Tenn. 2007); *e.g.*, *In Re B.L.C.*, No. M2007-01011-COA-R3-PT, 2007 WL 4322068, at *7 (Tenn. Ct. App. Dec. 6, 2007) (*no perm. app. filed*). The petitioner bears the burden of demonstrating willfulness by clear and convincing evidence. *See id.*; *In Re Adoption of D.R.T.*, No. W2007-00116-COA-R3-PT, 2008 WL 220268, at *1 (Tenn. Ct. App. Jan. 28, 2008) (*no perm. app. filed*). The failure to pay child support is not willful where support has been offered and refused. *In Re Adoption of AMH*, No. W2004-01225-COA-R3-PT, 2005 WL 3132353, at *69 (Tenn. Ct. App. Nov. 23, 2005), *rev'd on other grounds*, 215 S.W.3d 793 (Tenn. 2007). Upon hearing all of the Bakers' proof, the trial court determined the Bakers had failed to demonstrate willfulness by clear and convincing evidence. Upon review of the evidence, we cannot say the evidence preponderates against the trial court's finding that Ms. Smith's failure to pay child support was not willful where the Bakers offered no proof to refute Ms. Smith's testimony that she offered to pay support but was refused by Mr. Baker.

We additionally note that, although the trial court did not make specific findings with respect to the persistence of conditions, the court, after listening to all the proof, determined that "it ha[d] not been established by clear and convincing evidence that the parental rights of Ms. Virginia Smith should be terminated." Additionally, the excerpt of the transcript of the hearing on the motion for directed verdict that is included in the record transmitted to this Court includes a discussion of the alleged ground of persistence of conditions. Further, the exchange between counsel for the parties and the trial court following the court's pronouncement that it "[would] deny the Petition to terminate the parental rights of the natural mother" evidences the parties' contemporaneous understanding that the court's ruling constituted an adjudication of the entire petition. The court inquired, "[a]nything further?" Following a discussion regarding costs, the court stated,

> [n]ow, as far as this Court is concerned, what else remains? Since the Court has denied the Petition to terminate, that has the effect of denying any further adoption proceedings in this Court.

Counsel for the Bakers replied, "[t]hat's correct, Your Honor."

Even assuming, *arguendo*, that the trial court failed to rule specifically on the ground of persistence of conditions, upon review of the record, we find nothing that would support, by clear and convincing evidence, termination of Ms. Smith's rights based on a persistence of conditions, which the Code defines as:

> The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months *and*:
>> (i) The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent(s) or guardian(s), still persist;

(ii) There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent(s) or guardian(s) in the near future; *and*

(iii) The continuation of the parent and child relationship greatly diminishes the child's chances of early integration into a safe, stable, and permanent home[.]

Tenn. Code Ann. § 36-1-113(g)(3)(A)(2005 & Supp. 2007)(emphasis added). It is undisputed in this case that the continuation of T.M.S.'s relationship with Ms. Smith will not diminish his chance of integration into a safe, stable and permanent home.

Most significantly, the trial court in this case clearly found that termination of Ms. Smith's parental rights, even assuming proof of a statutory ground, would not be in the best interests of T.M.S. In its final order, the trial court found:

> there has been contact between the minor child and Ms. Virginia Smith and the maternal grandparents to the extent that the Court is of the opinion that it would be devastating to the minor child to forever terminate and sever all of the responsibilities, relationships and connections that this child has had and developed with the maternal grandparents over the years and the natural mother.

> The court notes that in conversation with the minor child in chambers prior to the beginning of the hearing on September 4, 2007, the child did indicate a desire to establish more contact with his natural mother who he loves as he loves his father and his step-mother.

Although the trial court did not employ the words "best interest," we must disagree with the Bakers that the trial court did not clearly find that termination of Ms. Smith's parental rights would not be in T.M.S.'s best interest where the trial court determined that termination would be "devastating" to the child. As the Bakers assert, arguments with respect to T.M.S.'s best interest are not included in the excerpt of the proceedings on the motion for directed verdict that has been transmitted to this Court. We note, however, that the trial court considered the motion for directed verdict at the close of the Bakers' proof. Upon review of the Bakers' proof, we find no evidence in the record, much less clear and convincing evidence, that termination of Ms. Smith's parental rights would be in T.M.S.'s best interest.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. We urge the parties in this case, moreover, to put aside their personal differences and to act in the best interests of their child, who they all clearly love. Costs of this appeal are taxed to the Appellants, Nicole Loren Baker and Gary Wills Baker, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE